UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5996 FMO (MARx) | Date | August 23, 2021 |
|---|---|---|---|
| Title | Meliton Mendez, et al. v. Ford Motor Company, et al. | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Gabriela Garcia | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:     Attorney Present for Defendants:

None Present                                    None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On June 23, 2021, plaintiffs Meliton Mendez and Petrona Mendez ("plaintiffs") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Ford Motor Company ("Ford") and NGP Motors, Inc. d/b/a Sunrise Ford (collectively, "defendants") asserting, among other claims, breach of warranty claims under the Magnuson-Moss Warranty Act ("MMW Act"), 15 U.S.C. §§ 2301 et seq.  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2); (Dkt. 4, Exh. A, Complaint).  Plaintiffs' claims arise out of their purchase of a vehicle in 2021.  (See Dkt. 4, Exh. A, Complaint at ¶¶ 6-14).  On July 23, 2021, Ford removed the action on federal question jurisdiction grounds pursuant to 28 U.S.C. § 1331.  (See Dkt. 1, NOR at ¶ 10).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5996 FMO (MARx) | Date | **August 23, 2021** |
|---|---|---|---|
| Title | **Meliton Mendez, et al. v. Ford Motor Company, et al.** | | |

the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The court's review of the NOR and state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying federal question jurisdiction.[2]  Therefore, removal was improper.  See id.

Ford contends that federal question jurisdiction exists because plaintiffs assert claims under the MMW Act, 15 U.S.C. §§ 2301 et seq.  (See Dkt. 1, NOR at ¶¶ 10-13).  However, Ford has failed to even attempt to show that the amount in controversy is at least $50,000.  (See, generally, id.); see 15 U.S.C. § 2310(d)(3)(B) (providing that a consumer may bring claims under the act in a district court unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in th[e] suit").  Thus, Ford has failed to show that the court has federal question jurisdiction.  See, e.g., Quinones v. FCA US LLC, 2020 WL 4437482, *2 (C.D. Cal. 2020) (remanding action where defendant failed to "satisf[y] its burden of demonstrating by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Ford has met its burden.  Thus, there is no basis for federal question jurisdiction.

**This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] Ford seeks only to invoke the court's federal question jurisdiction.  (See Dkt. 1, NOR at ¶ 10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5996 FMO (MARx) | Date | August 23, 2021 |
|---|---|---|---|
| Title | Meliton Mendez, et al. v. Ford Motor Company, et al. | | |

2. The Clerk shall send a certified copy of this Order to the state court.

3. Any pending motion is denied as moot.

Initials of Preparer         gga